IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEONARD MAURICE WRIGHT,

            Petitioner,

vs.

MICHEAL MEYERS,

            Respondent.

8:23CV171

**MEMORANDUM AND ORDER**

      This matter is before the Court on Petitioner Leonard Maurice Wright's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. On May 18, 2023, the Court granted Petitioner leave to proceed in forma pauperis, and the Clerk of Court sent a copy of the order to Petitioner's last known address at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska. Filing No. 7. The Court's order was returned as undeliverable and indicated Petitioner was no longer in DCCC custody. Filing No. 8. However, a check of the DCCC's online public inmate records shows that Petitioner is currently in the DCCC with an admission date of May 25, 2023.[1] As Petitioner appears to be at the address the Court has on file,[2] the Court will proceed with an initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

---

[1] *See* https://corrections.dccorr.com/inmate-locator (search result for Leonard Wright) (last visited May 30, 2023).

[2] Petitioner has an obligation to keep the Court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days).

In his petition filed on May 1, 2023, Petitioner alleged he was a pretrial detainee confined in the DCCC pursuant to a misdemeanor charge in "CR23-5179." Filing No. 1 at 1. Petitioner alleged the following as his grounds in support of his claim that he was being held in violation of the Constitution, laws, or treaties of the United States: "false imprisonment, malicious arrest, lack of probable cause." Id. at 5 (punctuation corrected). As relief, Petitioner seeks "tremble [sic] damage or punitive damages award or mandamus award." Id. at 7 (punctuation omitted).

Petitioner's state court records, available to this Court online, reveal that, on May 17, 2023, Petitioner entered a plea of guilty to one count of violation of a protection order and two additional counts of violation of a protection order were dismissed in Case No. CR23-5179 in the County Court of Douglas County, Nebraska. Petitioner was sentenced that same day to time and costs served and was ordered to be released from the DCCC.[3] Given that the Court's order mailed to Petitioner on May 18, 2023, was returned to the Court as undeliverable because "inmate no longer here," Filing No. 8 at 2, it is clear Petitioner was released on May 17, 2023 pursuant to his plea and sentence for time and costs served.

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,'

---

[3] The Court takes judicial notice of the state county court records related to this case in *State v. Wright*, No. CR23-5179, County Court of Douglas County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant state court records are attached to this Memorandum and Order.

2

> the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Petitioner has been convicted, his challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970). Moreover, the case is moot because Petitioner was released from the DCCC and is no longer in custody pursuant to the criminal action challenged in his petition. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner). For the sake of completeness, the Court also notes that Petitioner's requested relief of damages is not available in a federal habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas

3

corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); see also *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that: The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued. The Court will enter judgment by separate document.

Dated this 31st day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4

```
Image ID: F00348385C01           JOURNAL ENTRY AND ORDER

                        IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA
ST V. LEONARD WRIGHT                              Printed on   5/17/2023 at  4:24
                                                                      Room 01C28
Case ID:   CR 23    5179                                              Page      1
Citation:  K  1194868                             Date of Hearing    5/17/2023
================================================================================
CHARGES(AMENDMENTS/PLEAS/FINDINGS/FINES/PRESENTENCE/JAIL/DISMISSALS)
CHARGE          STATUTE              DESCRIPTION                    CLASS  TYPE

 01             42-924           Violate protection order             1     MSD
    Plea: Guilty     Found: Guilty                       Jail:   70 days

 02             42-924           Violate protection order             1     MSD
    Charge dismissed on the motion of the prosecutor with prejudice

 03             42-924           Violate protection order             1     MSD
    Charge dismissed on the motion of the prosecutor with prejudice
```

**A P P E A R A N C E S   A N D   A D V I S E M E N T**
 Judge              Grant Forsberg
 Defendant          LEONARD WRIGHT in custody
 Defense Counsel    Holst,Jordan,Elizabeth
 Prosecutor         Philip K Kleine
 Defendant advised of the nature of the above charges, all possible penalties, effect
    of conviction on non-citizens, and each of the following rights: Counsel; Appointed
    Counsel; Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent;
    Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's
    Burden of Proof Beyond Reasonable Doubt (clear and convincing in cases of probation
    violations); Right to Appeal.

**A R R A I G N M E N T**
 Defendant advised of and waived rights.
 Defendant waives jury trial.
 Defendant enters above pleas.
 Pleas entered knowingly, intelligently, voluntarily, and a factual basis for
    plea(s) found.
 Court finds as shown above.
 Charges dismissed as shown above.

**S E N T E N C I N G**
 Defendant was granted allocution and sentence was pronounced by the Court.
 Defendant is sentenced to the Douglas County Correctional Center        , for terms
    as shown above, and is to pay costs of this prosecution.
 Credit for time and costs served.
 Defendant to pay Court Costs         $49.00
                  Other                $1.00
 Inquiry has been made regarding the Defendant's financial ability to pay fines
    and costs and the Court finds the Defendant is able to pay the same at this time
    or by making payments over a period of time.

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**
 Defendant advised that: "IF YOU ARE NOT A UNITED STATES CITIZEN, YOU
    ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE
    BEEN CHARGED MAY HAVE THE CONSEQUENCES OF THE REMOVAL FROM THE UNITED
    STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED
    STATES." Pursuant to Neb. Rev. Stat. 29-1819.02(1) (reissue 2008).

*Last viewed on May 30, 2023*

**FILED BY**
Clerk of the Douglas County Court
05/17/2023

CASE FILE COPY                                          JOURNAL ENTRY AND ORDER

```
Image ID: F00348385C01           JOURNAL ENTRY AND ORDER
```

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

```
ST V. LEONARD WRIGHT                         Printed on  5/17/2023 at  4:24
                                                              Room 01C28
Case ID:  CR 23    5179                                              Page  2
Citation: K  1194868                         Date of Hearing  5/17/2023
================================================================================
```

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D   continued**
Oral factual basis given by the State.
Defendant is given credit for time and costs served.

Hon. _____   5/17/2023   S. Leonardo/L. Stric
        Grant Forsberg              Date          Bailiff

                                   Tape Nos. Digital Recorder

Journal Entry and Order(s) copies to:
  Quandt,Brent,David,              CourtRegEfiling@cityofomaha.org
  DEFENDANT
  Holst,Jordan,Elizabeth           jordan.holst@douglascounty-ne.gov

*Last viewed on May 30, 2023*

**CASE FILE COPY**

**FILED BY**
Clerk of the Douglas County Court
05/17/2023

**JOURNAL ENTRY AND ORDER**

Image ID: D06259534C01

**ORDER FOR RELEASE OF PRISONER**

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

ST V. LEONARD WRIGHT Printed on 5/17/2023 at 1:47
Room 01C28
Case ID: CR 23 5179 Page 1
Data No. 1034953

To: Douglas County Corrections

You are ordered to release the defendant LEONARD WRIGHT from imprisonment, if detained in your custody for no charge(s) other than:

| Ct | Section | Offense Description | Cls | Type |
|----|---------|---------------------|-----|------|
| 1 | 42-924 | Violate protection order | 1 | MSD |

\_ The defendant furnished bond for appearance in District Court on appeal
\_ Filing fees paid
\_ The defendant was released on his/her own recognizance
\_ The defendant received suspended execution of fines and/or costs
X The defendant received credit for time and costs served
\_ Defendant is also released into the custody of Pre-Trial Release

The following charge(s) against defendant have been dismissed or found not guilty:

| Ct | Section | Offense Description | Cls | Type |
|----|---------|---------------------|-----|------|
| 2 | 42-924 | Violate protection order | 1 | MSD |
| 3 | 42-924 | Violate protection order | 1 | MSD |

Date: May 17, 2023      BY THE COURT _____

*Last viewed on May 30, 2023*

**FILED BY**
Clerk of the Douglas County Court
05/17/2023

CASE FILE COPY

ORDER FOR RELEASE OF PRISONER